UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jonathan West,  Civ. No. 19-1683 (PAM/DTS)

          Plaintiff,

v.  **MEMORANDUM AND ORDER**

At Home Stores LLC,

          Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss. (Docket No. 3.) For the following reasons, the Motion is granted.

**BACKGROUND**

On May 19, 2019, Plaintiff Jonathan West went to At Home, a home décor store in Burnsville, Minnesota, to return items. (Compl. (Docket No. 1, Ex. A) ¶¶ 6-7.) West, who is African American, claims that he entered the store and approached the register. (Id. ¶¶ 5, 8.) A white female cashier "in a rather gruff manner" instructed him to wait in line. (Id. ¶ 8.) He did so, returned his items, and received store merchandise credit. (Id. ¶ 9.) When Plaintiff later approached the register to make a new purchase, he claims that he saw a white female customer entered the store. (Id. ¶ 11.) Plaintiff alleges that the same cashier allowed the white female customer to skip the line to return her items. (Id.)

Plaintiff claims both race and sex discrimination in violation of the Minnesota Human Rights Act ("MHRA"). (Id. ¶¶ 18-19.) Although he was not altogether denied services, he contends that he was denied the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public

accommodation." (Id. ¶ 20.) He claims that Defendant's conduct made him feel like "less than a human being" and has caused him emotional anguish and suffering. (Id. ¶ 15.) Plaintiff seeks damages for that mental anguish and suffering, as well as consequential damages, statutory damages, nominal damages, costs of suit, and attorney's fees. (Id. ¶ 16.)

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

The MHRA prohibits preventing the "full and equal enjoyment" of public accommodations because of a person's race or sex. Minn Stat. § 363A.11, subd. 1(a)(1). "[A]n actionable MHRA claim must include 'some tangible change in . . . conditions'" or "some 'material . . . disadvantage.'" Rumble v. Fairview Health Servs., No. 14CV2037, 2015 WL 1197415, at *19 (D. Minn. Mar. 16, 2015) (Nelson, J.) (citing Bahr v. Capella Univ., 788 N.W.2d 76, 83 (Minn. 2010)) (additional citations omitted). Plaintiff acknowledges that the alleged conduct here is far less egregious compared to other

2

disparate treatment in "full and equal enjoyment" cases. (Pl.'s Opp'n Mem. (Docket No. 9) at 2).

Plaintiff argues that his "humiliation" is severe enough to constitute a MHRA violation. (Compl. ¶ 15.) He relies solely on an unpublished Minnesota Court of Appeals case to support this argument. Bray v. Starbucks Corp., No. A17-0823, 2017 WL 6567695, at *7 (Minn. Ct. App. Dec. 26, 2017), review denied (Mar. 20, 2018) (quotation omitted). This case states "there may be some situations in which a person within a protected group could be humiliated enough to the point that they are constructively denied full use and enjoyment of services and/or goods." Id. But Plaintiff's case does not rise to the level contemplated in Bray. Standing in line is not embarrassing or a material disadvantage denying Plaintiff the "full and equal enjoyment" of Defendant's store. To the contrary, Plaintiff's allegations show that Plaintiff received the same treatment as the customers in line. Further, a customer can "reasonably anticipate" an employee's instruction to wait in line. Id. at *6. Accordingly, accepting the facts in the Complaint as true, the conduct falls within the category of "perceived" harms or "hurt feelings" that does not amount to a MHRA violation. Rumble, 2015 WL 1197415, at *28.

Viewing the record in the light most favorable to Plaintiff, the Court cannot plausibly infer a discriminatory motive based on Plaintiff's race or sex. Plaintiff likewise fails to establish that he suffered any material disadvantage. The bald conclusion that "[Defendant's] conduct . . . amounts to profiling and discrimination based on race and/or sex" is insufficient to plead an actionable injury under the MHRA. (Compl. ¶ 21.) Instead,

the Complaint shows that Plaintiff suffered an ordinary rebuff that we all encounter in life. This claim fails.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 3) is **GRANTED** and this matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 25, 2019

*s/ Paul A. Magnuson*
PAUL A. MAGNUSON
United States District Court Judge